UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 06-CR-0148(8) (PJS) |
| | Case No. 12-CV-1368 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| PATSY ANN JACKSON, | |
| Defendant. | |

Patsy Ann Jackson, pro se.

Deidre Y. Aanstad, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Defendant Patsy Ann Jackson was charged with conspiring to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine base — commonly referred to as "crack" or "crack cocaine" — in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  *See* Superseding Indictment [ECF No. 22].  Jackson pleaded guilty and, on June 26, 2007, Judge James M. Rosenbaum sentenced her to 120 months' imprisonment, which was the mandatory-minimum sentence under § 841(b)(1)(A).  The Eighth Circuit affirmed Jackson's sentence on February 4, 2009.  *See United States v. Jackson*, 554 F.3d 716, 717 (8th Cir. 2009).

Jackson now moves under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. Jackson appears to contend that her trial counsel, Joseph Leoni, was ineffective because he advised her to plead guilty without first demanding that the government prove that the substance that Jackson conspired to distribute was, in fact, crack cocaine.  Jackson also appears to contend that Leoni was ineffective because he mistakenly informed her that, if she pleaded guilty, she would not face a mandatory-minimum sentence.  Had Leoni told her that she was facing a ten-

-1-

year mandatory minimum, says Jackson, she would not have pleaded guilty, but instead would have exercised her right to a jury trial.

For the reasons that follow, Jackson's motion is denied. No evidentiary hearing is necessary because the motion and the files and records of this case conclusively show that Jackson is not entitled to relief. *See* 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

As a preliminary matter, Jackson's motion appears to be barred by the one-year statute of limitations under § 2255(f). A motion for relief under § 2255 must generally be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A judgment of conviction becomes final 90 days after a decision on direct appeal. *See United States v. Hernandez*, 436 F.3d 851, 856 (8th Cir. 2006). Here, the Eighth Circuit affirmed Jackson's sentence on February 4, 2009, which means that her conviction became final on May 5, 2009. Jackson was required to file her § 2255 motion within one year of that date — or by May 5, 2010. She failed to do so, and thus it appears that her § 2255 motion is time-barred.

Even if Jackson's motion is timely, it fails on the merits. To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) her counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for her counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).

As to Jackson's first ground: Jackson argues that Leoni was ineffective because he did not insist that the government prove that the substance that she conspired to distribute was crack cocaine. Relying on *DePierre v. United States*, 131 S.Ct. 2225 (2011), Jackson maintains that,

-2-

because crack cocaine is chemically identical to all other forms of cocaine base, the government would not have been able to prove that the substance that she conspired to distribute was in fact crack cocaine.  *See* Mem. in Support of § 2255 Motion [ECF No. 458] at 6 ("As a chemical analysis cannot establish a substance as 'crack' because crack is chemically identical to other forms of cocaine base, the government has not proved by any reliable 'expert' that the substance involved in the offense is 'crack.'").  Because the government would not have been able to prove that the substance was crack cocaine, says Jackson, Leoni's failure to demand laboratory testing was constitutionally defective and prejudicial.

Jackson's argument is without merit.  To begin with, Jackson is confused about the law. In *DePierre*, the defendant argued — as Jackson argues here — that he could not be convicted of distributing "cocaine base" in violation of § 841(a)(1) unless the government proved that he distributed "*crack* cocaine."  *See* 131 S.Ct. at 2230.  The Supreme Court rejected the argument, holding that, for purposes of § 841, "cocaine base" means *all* cocaine in its chemically basic form, not just what is commonly referred to as "crack cocaine."  *See id.* at 2237.  Thus, the government did not have to prove that Jackson conspired to distribute crack cocaine in order to convict her of distributing cocaine base in violation of § 841(a)(1).  As a result, Leoni's alleged failure to demand laboratory testing was neither constitutionally defective nor prejudicial.  There would have been no point in demanding that the government prove that the cocaine base that Jackson conspired to distribute was crack cocaine.

Moreover, Leoni's failure to demand laboratory testing could not possibly have prejudiced Jackson because the substance that she distributed *was* crack cocaine — as she has repeatedly admitted.  *See* Plea Agreement [ECF No. 160] ("From in or about September 2005

-3-

through March 2006, in the State and District of Minnesota, the defendant knowingly and intentionally conspired with others to distribute cocaine base (crack cocaine)"); Presentence Investigation Report at ¶ 40 ("PSR") ("Pasty Ann Jackson distributed crack cocaine during the course of the conspiracy. . . . Through cooperating individuals and plea admissions, Jackson acknowledged that the conspiracy distributed 500 grams or more of crack cocaine during her involvement from December 2005 through March 2006."); *see also* Sent. Hr'g Tr. at 8-11 [ECF No. 321]. Jackson can hardly complain that her lawyer failed to force the government to prove the truth of her own statements. Because Jackson freely and repeatedly admitted to conspiring to distribute crack cocaine — and because Jackson does not dispute that the substance was, at least, cocaine base (that is, cocaine in its chemically basic form) — Leoni's failure to insist on proof that the substance was crack cocaine did not amount to ineffective assistance of counsel. *Cf. United States v. Carper*, 69 F.3d 542, 542 (8th Cir. 2005) (unpublished table decision) ("Carper has not shown he was prejudiced by counsel's failure to investigate the type of methamphetamine, because Carper has not alleged that the substance involved was L-methamphetamine [as opposed to D-methamphetamine] or that he believed it was."); *Harvey v. United States*, 850 F.2d 388, 402 (8th Cir. 1988) (counsel was not ineffective in failing to retain a chemist to determine whether the seized drugs had lawful uses because the defendants never told their counsel that they possessed the drugs for lawful purposes).

As to Jackson's second ground: Jackson contends that she would have gone to trial if only Leoni had warned her that she was facing a ten-year mandatory-minimum sentence. Jackson's allegation is flatly refuted by the record, which shows that she *was* told — clearly and repeatedly — that she was facing a ten-year mandatory minimum. The plea agreement between

Jackson and the government made several explicit references to the mandatory minimum and, in fact, contemplated cooperation between Jackson and law enforcement so that Jackson could *escape* that mandatory minimum.  Had Jackson provided substantial assistance to the government, and had the government moved to reward Jackson for that assistance under 18 U.S.C. § 3553(e), Judge Rosenbaum would have had the authority to sentence Jackson below the mandatory minimum.  At the sentencing hearing, Jackson informed Judge Rosenbaum that she had tried to cooperate, but she was unable to provide substantial assistance because people on the street suspected her of being a "snitch" and therefore refused to talk to her.  *See* Sent. Hr'g Tr. at 3.  These facts belie Jackson's contention that she was unaware of the mandatory minimum.

In addition, Jackson has not shown that she would have gone to trial but for Leoni's allegedly mistaken advice.  At the sentencing hearing, Judge Rosenbaum explained to Jackson that, because she had not earned a downward-departure motion from the government, he had no choice but to sentence her to at least 120 months' imprisonment.  *See* Sent. Hr'g Tr. at 4.  Jackson did not seek to withdraw her guilty plea at that time.  Nor did Jackson seek to withdraw her guilty plea on her direct appeal before the Eighth Circuit.  In short, there is absolutely no evidence in the record supporting Jackson's conclusory, one-sentence allegation that she would have gone to trial if Leoni had warned her about the mandatory minimum.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Patsy Ann Jackson's 28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence [ECF No. 457] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 2, 2012      s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge